LOCKRIDGE AND PILCHER v. WILSON.

Lockridge and
Pilcher.
v.
Wilson.

1. In an action by partners to recover a partnership demand, it will be incumbent on the plaintiffs to prove that they were partners at the time of the contract, and the common reputation of the neighborhood is insufficient to prove such partnership.

2. Partnerships are usually proved by the oral testimony of clerks, or other agents or persons who know that the alleged partners have actually carried on business in partnership.

Error to the Circuit Court of Howard county.

CLARK for Plaintiff.

DAVIS for Defendant.

*Opinion of the Court, delivered by Tompkins, Judge.*

Lockridge and Pilcher commenced their action against Wilson, before a justice of the peace, where they obtained a judgment, from which Wilson appealed to the circuit court.

In that court, Lockridge and Pilcher suffered a nonsuit, and moved to set it aside. Their motion to set aside this non-suit was overruled, and they now seek to reverse the judgment of the circuit court, for error committed in overruling their motion to set aside this nonsuit.

In an action by partners to recover a partnership demand, it will be incumbent on the plaintiffs to prove that they were partners at the time of the contract, and the common reputation of the neighborhood is insufficient to prove such partnership.

The evidence in the bill of exceptions shows that the demand of the plaintiffs in the suit was for beef sold by one of them, Pilcher, to Wilson, the defendant.

The plaintiffs then offered to prove that it was generally understood in the neighborhood that the plaintiffs were in partnership in the butchering business at the time the beef in question was sold. This evidence being objected to by the defendant, was rejected by the court, the plaintiffs excepted to this decision of the court.

The plaintiffs then offered to prove that both of the plaintiffs had acknowledged that they were in partnership in the butchering business during the date of the

account in this cause ; (that is, I suppose, during the AUG. TERM, time they were selling this beef to Wilson ;) but that 1842. such acknowledgment was never made in the presence of the defendant. The defendant objecting to this evidence also, the court refused to permit it to go to the jury.

Lockridge and Pilcher.<br>v.<br>Wilson.

This decision of the court was also excepted to, and assigned for error.

The evidence of partnership usually consists in the oral testimony of clerks and other agents who know that the alleged partners have actually carried on business in partnership. It is unnecessary, even in criminal cases, to produce any deed or o her agreemen', by which the copartnership had been cons i u ed.    2 S arkie, 583. This is he kind of proof plaintiffs mus' produ e to show their right to sue as partners.    The plaintiffs have produced none such.    But where suit is brought against any persons as partners, their own admissions of par nership is good evidence for he plain iffs that they, the defendan s, are so, because admissions agains our interest are good evidence agains us.    So in the case of King v. Ham, 4 Mo. Rep., ci ed by the plaintiffs, the declarations of Ham, plain iff in he circuit cour', were given in evidence by King, to prove a partnership betwixt them, and to defeat consequently Ham's right of action against King.    Common reputation may suffice to raise against defendants a presumption of partnership, which they may rebut, either in whole or in part, by more positive proof, as in McPherson v. Rathbone, 11 Wendell; in Whitney v. S'erling, 14 Johnson, 215, and in Gowan v. Jackson, where the court say, prima facie evidence of a partnership being given, "it is thrown on the defendant to show the beginning of he par nership, if it began subsequent to the drawing of the bill" about which the suit was instituted.

Partnerships are usually proved by the oral testimony of clerks, or other agents or persons, who know that the alleged partners have actually carried on business in partnership.

Now if Lockridge and Pilcher could have proved that Wilson had admitted, since this account began to be raised,  hat they were partners, or even before, that would have been very good evidence for them against

AUG. TERM,
1842.

Lockridge and
Pilcher
v.
Wilson.

him. But though their own admissions against their interest may be evidence against them, it would offend against every rule of evidence to receive their own admissions, or rather declaration in their own behalf in evidence for them. Nor can they establish their own partnership so as to entitle them to sue as partners by common reputation, because they have it in their power to procure better evidence : they might have had written articles ; they might have called witnesses to the act of forming a partnership, whether such act were in writing or merely verbal ; or, as in Starkie, above quoted by the plaintiffs themselves, they might prove it by their clerks. If then they have neglected to provide the means to prove a partnership, they must abide the consequences of their own negligence ; for the rules of evidence must not be relaxed in favor of the negligence of suitors. It is sufficient for them that they are indulged in proving by oral testimony the existence of a partnership which is evidenced by written articles. It is in their power to secure for their own safety the most authentic proofs of their partnership. The world at large can obtain no other evidence of the existence of such partnership than what they chose to give out.

The circuit court, then, committed no error in refusing to set aside the non-suit. Its judgment is therefore affirmed.